UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALLAN S. VIERLING, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-248 |
| FRANCISCO ORTIZ and JASON HUFENAGLE, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Allan S. Vierling's letter regarding the deposition of Nacoma Perkins and his case in general. (Docket # 32.) Prior to receiving this letter on January 22, 2013, the Court granted Defendants' motion for leave to depose Perkins, a prisoner of the Miami Correctional Facility, on February 12, 2013, at 10:30 a.m., with Vierling, an inmate of another correctional facility, participating telephonically. (Docket # 30.)

In his letter, Vierling asks the Court to either order that he participate in Perkins's deposition by videoconference or that the deposition be videotaped with sound and forwarded to him. (Docket # 32 at 1.) Vierling's request arises out of his concern that, if he cannot see Defendants during Perkins's deposition, they will use their body and facial expressions to lead and coerce Perkins into answering the questions in their favor. (Docket # 32 at 1.) Beyond addressing this deposition in his letter, Vierling also describes his difficulties prosecuting this case while incarcerated and asks the Court to postpone all proceedings in this case until he is released sometime in 2014. (Docket # 32 at 2-3.) The Court therefore construes Vierling's letter as both a motion to participate in Perkins's deposition by videoconference and a motion to stay

1

the case.

First, regarding Perkins's deposition, Federal Rule of Civil Procedure 30(b)(4) explicitly provides that depositions may be taken by telephone or other remote means. FED. R. CIV. P. 30(b)(4). The party opposing a telephonic deposition, Vierling here, bears the burden of demonstrating good cause why the deposition should not be conducted by telephone. *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76 (E.D. Pa. 2005). Although this rule "generally has a pinched application when the person to be deposed is a party," *Mattar v. Cmty. Mem'l Hosp.*, No. 1:04CV95, 2005 WL 6486402, at *3 (N.D. Ind. Feb. 18, 2005) (citation omitted), Perkins, the person to be deposed here, is *not* a party to the case, but rather simply a witness.

Moreover, Vierling has argued in another letter that Perkins's testimony would have no effect on the issues in this case (*see* Docket # 24-1 at 1 ("Nicoma's [sic] actions are not in question and Nicoma [sic] is not named in this suite [sic]. Nothing Nicoma [sic] can say can prove whether Ortiz or Hufenagle failed to protect me after they were made aware of the Danger [sic].")), which further suggests Vierling's participation by telephone is sufficient. *See, e.g.*, *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 389 (S.D.N.Y. 2011) (allowing deposition of a witness by telephone when the case would not turn on her testimony); *see also Dieng v. Hilton Grand Vacations Co.*, No. 2:01-cv-01723-LDG-PAL, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011) ("Telephonic depositions are not recommended for obtaining controversial testimony, such as from a plaintiff . . . ." (citation omitted)).

And, finally, Vierling speculates that not allowing him to participate in the deposition via videoconferencing will prejudice him because the Defendants *could* use their body and facial expressions to coerce Perkins into answering the questions in their favor. (Docket # 32 at 1.)

But such mere speculation does not meet Vierling's burden of showing that his participation by telephone, as opposed to videoconference, is inappropriate in this case. *See Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986) (requiring that the party opposing a telephonic deposition make a "particularized showing" of prejudice and stating that "a request for a telephonic deposition should not be denied on the mere conclusory statement that it denies the opportunity for face-to-face confrontation").

As such, Vierling's motion to participate in Perkins's deposition via videoconference is DENIED. Nacoma Perkins's deposition will go forward as scheduled on February 12, 2013, at 10:30 a.m., with Vierling participating by telephone.

Furthermore, Vierling's request to have Perkins's deposition videotaped and forwarded to him is also DENIED. Defendants are free to videotape the deposition if they wish, but the Court will not require them to do so.

Lastly, as to Vierling's motion to stay the case, although being incarcerated may hinder Vierling's ability to litigate his case, anyone in custody faces similar challenges. *Wofford v. Celani*, No. 11 C 3543, 2012 WL 975499, at *2 (N.D. Ill. Mar. 22, 2012). Vierling has not shown how his case is unique. As such, his motion to stay is DENIED as this time. If Defendants agree to a stay, the Court may reconsider the matter.

SO ORDERED.

Enter for this 31st day of January, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge